# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ROBERT CHARLES DAVIS,      )
                                       )
          Petitioner,       )
                                         )
     v.                          )        No. 4:13CV1197 NAB
                                         )
IAN WALLACE,               )
                                         )
          Respondent.      )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

### Background

Petitioner was convicted by a jury of first degree murder and armed criminal action. On August 6, 2004, the state court sentenced petitioner to life without parole. Petitioner filed a direct appeal, and the Missouri Court of Appeals affirmed the judgment on November 8, 2005. State v. Davis, 175 S.W.3d 695 (Mo. Ct. App. 2005).

Petitioner filed a motion for postconviction relief under Rule 29.15, which was received by the Missouri Court of Appeals on March 1, 2006. On February 19, 2010,

the motion court dismissed the motion as untimely. Petitioner did not appeal from the denial of postconviction relief.

On October 22, 2012, petitioner filed a petition for writ of mandamus in the Missouri Court of Appeals. Davis v. Hon. Michael Calvin, No. ED99130 (Mo. Ct. App.). Petitioner says the petition was directed at the motion court and alleged that the motion court erred in dismissing his Rule 29.15 motion as untimely. The appellate court denied the petition on November 29, 2012. Id.

Petitioner says that he attempted to file a writ in the Missouri Supreme Court in January 2013 but that the Court Clerk told him his "attempt was inapplicable."

Petitioner filed the instant petition for writ of habeas corpus on June 17, 2013, which is the date he placed it in the prison mailing system.

**Standard**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## Discussion

Petitioner's criminal judgment became final for purposes of § 2244(d) when the time for filing a motion for rehearing by the Missouri Supreme Court expired. Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). Such time expired on November 23, 2005, see Mo. Rule 83.02, which is the date the limitations period began running.

Assuming, *arguendo*, that petitioner's Rule 29.15 motion was a "properly filed application," the limitations period ran for 98 days until it was tolled from March 1,

2006, through March 1, 2010.  <u>See</u> Mo. Rule 81.04 (judgment becomes final ten days after issued if no appeal is taken).

Assuming, *arguendo*, that petitioner's petition for writ of mandamus in the Missouri Court of Appeals was a "properly filed application," the limitations period ran for another 235 days until it was tolled from October 22, 2012, through November 29, 2012.

The limitations period ran for another 32 days until it expired on December 31, 2012.  Therefore, the limitations period expired at least six months before petitioner filed the instant petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred.  Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action.

Dated this   2nd   day of July, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE